UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOHN ERIC HOMESLEY,

       Petitioner,

  v.                                    Case No.: 2:25-cv-00948-SPC-NPM

LEE COUNTY, STATE OF
FLORIDA,

       Respondents,
_____/

**OPINION AND ORDER**

    Before the Court is John Eric Homesley's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1). Homesley is an inmate in the Colorado state prison system, and he claims an unserved arrest warrant in Lee County Circuit Court Case No. 18-CF-443 is hindering his access to rehabilitative programs. Homesley's petition is organized into four grounds for relief, but the Court discerns three distinct claims:.(1) violation of the Interstate Agreement on Detainers (IAD), (2) violation of his Sixth Amendment right to a speedy trial, and (3) violation of the Florida statute of limitations on felony charges. Upon preliminary review of the petition, the Court finds Homesley is clearly not entitled to relief on any ground in his petition.

    In a state habeas petition, Homesley requested a transport order to bring him to Lee County so he could plead guilty and bring Case 18-CF-443 to a


conclusion. Lee County Circuit Judge Keith Kyle denied Homesley's request:

> Having taken judicial notice of Lee County Circuit Court Case No. 18-CF-000443, the Court finds that an arrest warrant was issued August 23, 2018, but the arrest warrant remains unserved. Petitioner has filed several motions in Case No. 18-CF-000443, and the trial judge has entered orders denying relief and advising that (1) the Interstate Agreement on Detainers (IAD) does not apply where there is no "untried indictment, information or complaint," as is the case where there is only an unserved arrest warrant or detainer, and (2) speedy trial time periods do not start running until a defendant is actually arrested. Essentially, there is nothing a person can do to force a law enforcement agency to serve an unserved arrest warrant. Likewise, there is no legal authority for a court to order that a person be transported from out-of-state for the purpose of addressing an unserved arrest warrant or detainer, or to "dismiss" an unserved arrest warrant or detainer. Accordingly, Petition has failed to demonstrate any entitlement to the relief requested or the issuance of a writ of habeas corpus ad prosequendum.

Order Denying Petition for Writ of Habeas Corpus, *Homesley v. Florida*, Lee County Circuit Court Case No. 23-CA-13220 (Sept. 24, 2024). The Court finds no error in Judge Kyle's analysis.

Homesley's first claim—that Lee County violated the IAD—is meritless. The IAD is a compact between 48 states, the District of Columbia, and the federal government, which Congress enacted into law. Article III of the IAD allows a prisoner in a party state who has a pending untried indictment, information, or complaint in another party state to request final disposition of the indictment, information, or complaint. The second state is required to try the prisoner within 180 days of the request. 18 U.S.C. App. 2 § 2.

Homesley claims Lee County violated the IAD when it refused to honor his request for disposition. But as Judge Kyle explained, the IAD does not apply here because there is no untried indictment, information, or complaint. Homesley's attempt to invoke the IAD by simply classifying the unserved warrant as an indictment fails. Indictments, informations, and complaints are documents prosecutors use to formally commence criminal prosecutions. *See* Fla. R. Crim P. 3.140. An arrest warrant is not legally equivalent to an indictment, information, or complaint and does not trigger the IAD. *See United States v. Dillard*, No. 8:92-cr-316-T-17AAS, 2019 WL 6117714, at *1 (M.D. Fla. Oct. 2, 2019) ("The IAD does not apply when federal detainers are lodged for unexecuted federal arrest warrants."); *see also Taylor v. State*, 582 So. 2d 152, 152 (Fla. 4th Dist. Ct. App. 1991) ("An arrest warrant is not an 'untried indictment, information, or complaint' so as to trigger compliance with… the Interstate Agreement on Detainers statute." (citing *United States v. Bottoms*, 755 F.2d 1349, 1350 (9th Cir. 1985)).

Likewise, Homesley's Sixth Amendment claim fails because the unexecuted warrant does not start the speedy-trial clock. "The Sixth Amendment right to a speedy trial attaches at the time of arrest or indictment, whichever comes first, and continues until the date of trial." *United States v. Knight*, 562 F.3d 1314, 1323 (11th Cir. 2009) (quoting *United States v. Walters*, 591 F.2d 1195, 1200 (5th Cir. 1979)). Homesley was not arrested or indicted,

3

so there can be no speedy-trial violation.

Homesley's final argument—that Lee County has somehow violated Florida's statute of limitations—is not cognizable on federal habeas review. Federal courts can only grant habeas relief based on violations of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c). The Supreme Court has "stated many times that federal habeas corpus relief does not lie for errors of state law." *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)); *see also Beverly v. Jones*, 854 F.2d 412, 416 (11th Cir. 1988) (finding a habeas challenge based on a state statute of limitations "beyond our consideration").

Accordingly, John Eric Homesley's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED.** The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case. Homesley has not made a substantial showing of the denial of a constitutional right, so the Court declines to issue a certificate of appealability. *See* 28 U.S.C. 2253(c)(1).

**DONE and ORDERED** in Fort Myers, Florida on October 31, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All parties of record

4